# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-2901

Brian M. Osman, Appellant,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued July 23, 2008,                                          Decided     October 8, 2008   )

*Brian M. Osman,* pro se.

*William L. Thompson, III*, Baker Botts LLP, of Washington, D.C., amicus curiae.

*Paul J. Hutter*, General Counsel, with whom *R. Randall Campbell*, Assistant General Counsel, *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel, and *Yvette R. White*, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, HAGEL, and DAVIS, *Judges*.

HAGEL, *Judge*: The appellant, Brian M. Osman, M.D., who is self-represented, is the son of two permanently and totally disabled veterans. He appeals a June 22, 2005, decision of the Board of Veterans' Appeals (Board) that denied entitlement to Dependents' Educational Assistance benefits under Chapter 35 of Title 38, United States Code, based on the service of his mother because he had previously been granted such benefits on the basis of the service of his father. The parties each filed briefs, amicus curiae has filed a brief in support of the appellant, and both Dr. Osman and amicus curiae presented oral argument. For the reasons that follow, the Court will reverse the Board's decision with respect to Dr. Osman's eligibility for additional Dependents' Educational Assistance benefits and remand the matter to award benefits consistent with this decision.

## I. FACTS

The material facts in this appeal are not in dispute.  Dr. Osman's parents each have a service-connected permanent and total disability rating.  R. at 3.  The law provides for the monetary support for the education of children of veterans who are permanently and totally disabled due to service-connected disabilities.  *See* 38 U.S.C. §3500 et seq.  That benefit is termed Dependents' Educational Assistance.  Dr. Osman began receiving Dependents' Educational Assistance benefits in April 2003 for his full-time education in medical school.  That benefit was based on the permanent and total disability of his father.  In October 2003, he applied for Dependents' Educational Assistance benefits based on the permanent and total disability of his mother.  That claim was denied in November 2003, and he filed a Notice of Disagreement with that decision.  R. at 53, 58.  Dr. Osman subsequently received a total of 45 months of Dependents' Educational Assistance benefits based on his father's service and disability status.  He has received no Dependents' Educational Assistance benefits based on his mother's service and disability status.  Dr. Osman has spent a total of 55 months in medical school and is currently enrolled in a medical internship program.

In June 2005, the Board confirmed the denial of Dependents' Educational Assistance benefits based on Dr. Osman's mother's service, finding that entitlement to "concurrent" Dependents' Educational Assistance was prohibited as a matter of law.  The Board's decision rested on VA General Counsel Precedential Opinion 1-2002, which states that Chapter 35 Dependents' Educational Assistance benefits may not be paid concurrently to a child of two veterans who are permanently and totally disabled.  Dr. Osman then appealed that decision to the Court.

## II. ARGUMENTS

In his briefs and at oral argument, Dr. Osman has requested, in addition to the 45 months of Dependents' Educational Assistance benefits received for his father's service, additional benefits on the basis of his mother's service, and that they be paid concurrently or consecutively.[1]  In short, Dr.

---

[1]  The General Counsel opinion speaks in terms of "concurrent payments," which the Court takes to mean payment of both benefits at the same time.  For example, if Dr. Osman were to receive "concurrent" Dependents' Educational Assistance benefits, he would receive $1,576.00 per month toward his education, which is twice the monthly benefit of $788.00 paid for full-time education under 38 U.S.C. § 3532.  "Consecutive" Dependents' Educational Assistance benefits would mean that the monthly benefit of $788.00 based on the second parent's service would commence at the termination of the 45 months of eligibility based on the first parent's service.

2

Osman argues that he should receive: (1) 45 months of Dependents' Educational Assistance benefits based on his mother's status concurrently with 45 months of benefits based on his father's status, or, in the alternative, (2) 10 additional months beyond the 45 received under his father's service to cover his 55-month medical school program, or (3) three additional months, to 48 months of Dependents' Educational Assistance benefits, depending on the applicable limiting statutes.[2] He asserts that the VA General Counsel's opinion governing the Board's decision on the matter is erroneous, as there is "[n]o express provision prohibiting concurrent payment of Chapter 35 benefits to an individual." Appellant's Informal Brief (Br.), Attachment 2.

Amicus curiae argues in support of the appellant that General Counsel Precedential Opinion 1-2002 must be set aside and accorded no deference, as it fails to comply with the notice and comment requirements of 5 U.S.C. § 553. He argues that the General Counsel opinion is a "substantive" rule, one that alters existing law and requires publication in the Federal Register, and not an "interpretive" rule, which merely interprets existing law and is excepted from such publication requirements. Amicus further argues that, as a substantive rule, the General Counsel opinion must be published according to the requirements of 5 U.S.C. § 552, and that the two-sentence synopsis of the General Counsel opinion published in the Federal Register, 24 months after issuance of the opinion, did not comply with those requirements and it must be set aside on that basis. Amicus Br. at 11-13; *see* 38 C.F.R. § 14.507(b) (2008) ("A written legal opinion of the General Counsel involving veterans' benefits . . . shall be considered by Department of Veterans Affairs to be subject to the provisions of 5 U.S.C. [§] 552(a)(1)."). Finally, amicus argues that the General Counsel opinion "points to no statutory provision explicitly prohibiting the award of concurrent [C]hapter 35 benefits" and that any interpretive doubt as to the meaning of the statutes at issue should be resolved in favor of Dr. Osman. Amicus Br. at 19 (quoting *King v. St. Vincent's Hosp.*, 502 U.S. 215, 220 n. 9 (1991) (recognizing the "canon that provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor.").

The Secretary argues that the General Counsel's opinion is correct in its holding that Chapter 35's silence regarding dual Dependents' Educational Assistance benefits and the legislative history

---

[2]*See* 38 U.S.C. § 3695 (limiting benefits under two or more programs to 48 months).

behind Chapter 35 do not support dual payments based on more than one disabled parent. The Secretary contends that the General Counsel's opinion is persuasive and should be upheld.[3] In support of the General Counsel opinion, the Secretary advances many arguments. In pertinent part, the Secretary argues that

> [i]n reviewing these [Chapter 35] statutes, they all have a common thread: that the person be an "eligible person," which is defined as a "child of a person." *See* 38 U.S.C. § 3501. Notably, there is no statement within these statutes that provides different types of eligibility or numerous eligibility, only that a person applying for assistance be eligible.

Secretary's Br. at 8. He further argues that granting Dr. Osman benefits beyond those already provided based on the disability of his father "increases the possibility of completely paying for a dependent's education depending on the program . . . [which] runs afoul of the legislature's intent in providing some financial assistance." *Id*. at 10. With respect to compliance with notice and publication requirements under 5 U.S.C. §§ 552, 553, the Secretary asserts that the General Counsel opinion is an interpretive rule, and is thus exempt from such requirements.

### III. ANALYSIS

#### A. Dependents' Educational Assistance Benefits

The War Orphans' Educational Assistance Act of 1956, now codified at Chapter 35 of Title 38, was enacted

> for the purpose of providing opportunities for education to children whose education would otherwise be impeded or interrupted by reason of the disability or death of a parent from a disease or injury incurred or aggravated in the Armed Forces after the beginning of the Spanish-American War, and for the purpose of aiding such children in attaining the educational status which they might normally have aspired to and obtained but for the disability or death of such parent.

---

[3] The Secretary's initial brief argues that under *Chevron U.S.A. Inc. v. Natural Resources Defense Counsel, Inc.,* 467 U.S. 837, 843 (1984), where a statute is silent as to the matter at issue, an agency's attempt to answer the question at issue is upheld if it "is based on a permissible construction of the statute." However, after further briefing, the Secretary agrees with the position advanced by amicus that the correct standard of deference in this matter is governed by *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (holding that the weight a reviewing court gives to an agency's interpretations of ambiguous statutes depends on its "power to persuade.").

38 U.S.C. § 3500. "Each eligible person shall . . . be entitled to receive educational assistance." 38 U.S.C. § 3510. An eligible person for receipt of Dependents' Educational Assistance benefits is defined as "[a] child of a person who, as a result of qualifying service . . . died of a service-connected disability; or . . . has a total disability permanent in nature resulting from a service-connected disability." 38 U.S.C. § 3501(a)(1)(A)(i-ii). Dependents' Educational Assistance funds are paid to the parent of the eligible person "to meet, in part, the expenses of the eligible person's subsistence, tuition, fees, supplies, books, equipment, and other educational costs," at a rate of $788.00[4] monthly for full-time pursuit of education. 38 U.S.C. § 3531(a) (amended Dec. 22, 2006); 38 U.S.C. § 3532(a)(1).

There are, however, limits to the Dependents' Educational Assistance benefits provided under Chapter 35. Certain of these limitations are at issue here. The law states that "[e]ach eligible person, whether made eligible by one or more of the provisions of [section] 3501(a)(1) . . . shall be entitled to educational assistance under this chapter for an aggregate period not in excess of 45 months." 38 U.S.C. § 3511(a). Further, no person may receive benefits concurrently "under two or more of the provisions of law listed below: . . . Chapters . . . 35, and 36 of this title." 38 U.S.C. § 3681(b). Finally, if an eligible person receives benefits under more than one provision of law, including the War Orphans' Educational Assistance Act of 1956, the aggregate period of benefits that may be received may not exceed 48 months. 38 U.S.C. § 3695(a).

### B. Standard of Review

Under 38 U.S.C. § 7104(c), the precedent opinions of the VA General Counsel are binding on the Board. Thus, the Board in June 2005 was required to follow General Counsel Precedential Opinion 1-2002 in Dr. Osman's appeal. However, unlike the Board, this Court is not bound by VA General Counsel precedent opinions. *See* 38 U.S.C. § 7261(a)(3); *Theiss v. Principi*, 18 Vet.App. 204, 211 (2004) (rejecting a General Counsel's precedential opinion definition of a term for "faulty reasoning."). The Court reviews VA's statutory interpretation de novo. *DeBeaord v. Principi*, 18 Vet.App. 357, 363 (2004). The Court's review is guided by the United States Supreme Court's mandate that, when interpreting veterans benefits statutes, interpretive doubt is to be resolved in

---

[4] This amount of Dependents' Educational Assistance benefits is adjusted annually according to the Consumer Price Index. *See* 38 U.S.C. § 3564(a).

favor of the veteran. *Brown v. Gardner*, 513 U.S. 115, 118 (1994). Finally, the degree to which VA's interpretations of ambiguous statutes are given deference "will depend upon the thoroughness evident in its consideration, . . . and all those factors which give it power to persuade." *Skidmore*, 323 U.S. at 140. Because such an agency interpretation formed the sole basis for the Board's decision in this matter, the Court necessarily must determine whether that interpretation is a correct statement of relevant law. A rejection of the VA General Counsel opinion that the Board decision found determinative necessarily requires the rejection of the Board decision itself.

The Court understands that, although it is not bound by the General Counsel opinion, such opinions do constitute a body of experience and informed judgment. The weight which we give these legal interpretations depends heavily upon their thoroughness, reasoning, and consistency with earlier and later pronouncements on the specific issue. *See Skidmore*, 323 U.S. at 140.

### C. VA General Counsel Precedential Opinion 1-2002

VA General Counsel Precedential Opinion 1-2002 determined that payment of "dual" or "concurrent" Dependents' Educational Assistance benefits to a child on the basis of the service-connected disabilities of each of the child's parents is prohibited. G.C. Prec. 1-2002 at 1. In other words, a child of one parent who is permanently and totally disabled as a result of a service-connected disability receives the same educational support as the child of parents who are both permanently and totally disabled due to their service. Although the General Counsel opinion found that "the statute is silent as to dual payment of Chapter 35 benefits to the same eligible person," it nevertheless discerned that "the context of the statute simply does not admit of such result." *Id*. Citing the definition of "eligible person" as "a child of a person" with a permanent and total service-connected disability, the General Counsel opinion reasoned that eligibility through a second parent after eligibility through the first had been established "creates only cumulative eligibility that neither doubles nor otherwise expands the child's program entitlement." *Id*. at 2. Because, the General Counsel opinion reasons,

> despite [the child's] alternative basis for [C]hapter 35 eligibility, still, [he or she] is but one person, and nothing in [C]hapter 35 or elsewhere suggests a reasonable basis for treating [the child] as two separate eligible persons, . . . the fact that more than one parent has a [permanent and total] service-connected disability status does not make the child eligible for double the education benefits payable for the same course pursuit.

6

*Id.* Thus, it is clear to the Court that VA General Counsel Precedential Opinion 1-2002 intended to define the term "eligible person" under Chapter 35 to bar a child of a disabled veteran from being eligible for Dependents' Educational Assistance benefits twice, at least concurrently and for the same course pursuit, despite having more than one basis for eligibility.

*1. Concurrent Payment of Chapter 35 Benefits*

The Board's June 2005 decision denying Dr. Osman's claim relies exclusively on VA General Counsel Precedential Opinion 1-2002 to determine that concurrent payments of Chapter 35 education benefits are not authorized by law. Thus, the Court must determine whether the General Counsel opinion is persuasive with respect to whether the statutes permit concurrent payment of such benefits to the eligible child of two permanently and totally disabled veterans.

The law is clear that an "eligible person" may receive 45 months of educational assistance. *See* 38 U.S.C. § 3511(a). "Eligible person" under the statute is defined as a "child of a person" with a permanent and total service-connected disability. 38 U.S.C. § 3501(a)(1)(A)(i-ii). A child, having a mother and a father, may derive eligibility to Chapter 35 benefits under either or both parents. Thus, the controlling question is whether a person can be considered an eligible person separately under both the mother's and the father's service status for purposes of receiving Dependents' Educational Assistance benefits, thus permitting the combination of those benefits in some fashion. We answer that question in the affirmative.

a. Statutory Language

We begin by noting that nothing in the relevant statutes explicitly prohibits an eligible person from receiving benefits under Chapter 35 on the basis of having more than one permanently and totally disabled parent, an observation with which the Secretary agrees. Although the General Counsel precedential opinion concluded that explicit language barring concurrent eligibility for Dependents' Educational Assistance benefits was not necessary in the statutory scheme because "the child … is but one person," the Court comes to the opposite conclusion.[5] *See* G.C. Prec. 1-2002 at

_____

[5]The Court notes that the General Counsel opinion also finds, as a basis for not treating one person with two parents each permanently and totally disabled as a result of their service as two eligible persons, the fact that the benefit "is payable to each eligible person based on that person's pursuit of an approved program of education." G.C. Prec. 1-2002 at 3. However, the assertion that the funds are paid to the eligible person is, at least in some circumstances, not correct. *See* 38 U.S.C. § 3531 ("The Secretary shall . . . pay to the parent or guardian of each eligible person . . . an educational assistance allowance to meet, in part, the expenses of the eligible person's subsistence, tuition, fees, supplies,

3. We also believe that other language in the statute, both current and prior versions, supports our conclusion.

The first question in statutory interpretation is always "whether Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842. The General Counsel opinion acknowledges that the statutes at issue do not expressly permit nor prohibit concurrent payment of Dependents' Educational Assistance benefits, and that the statute is silent as to "dual [C]hapter 35 entitlement." G.C. Prec. 1-2002 at 2. The Court agrees with that conclusion. However, the Court does not find such silence automatically ambiguous as to the statute's intent. "Ambiguity is a creature not [just] of definitional possibilities but [also] of statutory context." *Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ.*, 127 S. Ct. 1534, 1546, (2007) (quoting *Gardner*, 513 U.S. at 118). The statutory scheme must be read in the context intended by Congress.

It is clear from the applicable statutes, and amendments thereto, that Congress specifically considered and dealt with eligibility for multiple sources of Dependents' Educational Assistance benefits and the concern for avoidance of a beneficiary from receiving multiple payments in certain situations. In 2003, at the time Dr. Osman filed his claim for Dependents' Educational Assistance benefits as an eligible person under his mother's permanent and total service-connected disability, 38 U.S.C. 3511(a)(1) provided:

> Each eligible person shall be entitled to educational assistance under this chapter [38 U.S.C. 3500 et seq.] for a period not in excess of 45 months (or to the equivalent thereof in part-time training). In no event may the aggregate educational assistance afforded to a *spouse* made eligible under both 3501(a)(1)(D)(i) and 3501(a)(1)(D)(ii) of the title exceed 45 months.

(emphasis added). In the second sentence of section 3511(a)(1), Congress recognized that eligibility could emanate from two different sources in some instances. It then wrote the statute to bar additional benefits if a permanently and totally disabled veteran later died while the surviving spouse was receiving Dependents' Educational Assistance benefits as a result of the disabled veteran's

---

books, equipment, and other educational costs.").

8

disability by imposing a limit on the term of payments for *spouses* under section 3511.[6] Additionally, Congress adopted explicit language to prevent a person receiving educational assistance under Chapter 35 from simultaneously receiving certain other benefits under a separate program, such as dependency and indemnity compensation, as the result of the death of the parent. *See* 38 U.S.C. § 3562 (nonduplication of benefits); *see also* 38 U.S.C. § 3695 (limitation on period of assistance under two or more programs to 48 months). Dependents' Educational Assistance benefits to the eligible child of a permanently and totally disabled parent is, however, one program, and Congress, by placing limitations on receipt of additional benefits under two or more programs, placed no limitations on the amount or length of benefits for "eligible person[s]" under a single program or benefit. 38 U.S.C. § 3511. Nor did Congress specifically limit the number of parents making such an application for benefits or the number of parents under whose auspices the application could be made. 38 U.S.C. § 3513. Further, an eligible person is defined as a child of "a person" and not a child "of persons," implying that the benefit flows from a single parent and is unique to each parent's disability.

### b. Statutory Purpose

We believe that our interpretation of the applicable statutory language is most consistent with the intent of Congress in enacting it. The Congressionally stated purpose of Chapter 35 benefits is to assist the child of a parent with a permanent and total service-connected disability to attain the education to which he or she would otherwise have aspired, but for the inability of the parent to contribute to such education due to the parent's disability incurred in the service of our country. *See* 38 U.S.C. § 3500. The statute does not prohibit a child, being but one person, from nevertheless becoming eligible by reason of the service-connected permanent and total disability or death of either

---

[6] On December 21, 2006, section 3511 was amended to limit benefits payable to an eligible person, whether made eligible under one or more provisions of section 3501(a)(1), to an aggregate period not in excess of 45 months. *See* Veterans Programs Extension Act of 2006, Pub. L. No. 109-444, 120 Stat. 3306. This change explicitly applies to payments "of educational assistance for a course of education pursued after the date of enactment of this Act." *Id*. at 3307. Dr. Osman filed a claim for Dependents' Education Assistance benefits in April 2003 based upon his father's status as a permanently and totally disabled veteran, and was awarded benefits for his medical school education, which he began in August 2003. In October 2003, Dr. Osman filed a claim for benefits, also for medical school education, based on his mother's status as a permanently and totally disabled veteran. Because Dr. Osman submitted both of his claims for educational benefits for a course of education pursued prior to the date of enactment of the changes in section 3511, we need not address entitlement under this amendment.

or both parents. If such disability of one parent would reduce the ability of that parent to contribute to a child's education, then the service-connected permanent and total disability of *both* parents would necessarily pose an even larger obstacle to the child's attainment of that education. Rarely does a child experience such difficulty borne out of the parents' service and sacrifice. To read the statute as restrictively as VA would have us do fails to recognize the value of the service and sacrifice of both parents and runs contrary to the expressed intent of Congress in making available education benefits as a substitute for the earning power lost for service-related reasons. Thus, because eligibility for Dependents' Educational Assistance benefits is dependent on the service and disability status of a single parent, the Court finds nothing in the statutes or legislative intent that would admit the result required by General Counsel Precedential Opinion 1-2002.

### c. Interpretation of Statutes Relating to Veterans Benefits

Even if the question of whether to interpret Chapter 35 to allow concurrent Dependents' Educational Assistance benefits derived separately from each parent were a close one, the Court is bound to find that the provisions for Dependents' Educational Assistance benefits under the statutes applicable in this case should be allowed under the auspices of both Dr. Osman's father and mother. In *Gardner*, 513 U.S. at 120, the Supreme Court rejected VA's interpretation of a statute after an examination of the statutory "text and reasonable inferences" of the statute's purpose and held that any interpretive doubt with respect to awarding such benefits "is to be resolved in the veteran's favor." *See also King*, 502 U.S. at 221 n. 9.

### d. Consistency of Agency Interpretation

Finally, it is worth recognizing that the agency itself has, at a high level, previously interpreted the relevant statutes as we do today. Prior to the issuance of General Counsel Precedential Opinion 1-2002, VA applied the relevant statutes to award dual benefits to children eligible under both parents.[7] Indeed, it was this inconsistent approach to awarding benefits in such

---

[7] On November 17, 1992, the VA Director of the Education Service provided an advisory opinion to a VA regional office stating that a child of two permanently and totally disabled parents could receive Chapter 35 benefits either concurrently, at double the monthly rate, or sequentially, if that child did not exceed 45 months of total entitlement. *See* EDU RPO Letter 22-02-05 (March 14, 2002) (*rec'd as attachment*, Appellant's Informal Br.). The Director of the Education Service is the official responsible for national administration of VA education programs, serving directly under the Associate Deputy Under Secretary for Policy and Program Management. *See* VA Organizational Briefing Book, *at* http://www.va.gov/ofcadmin/docs/vaorgbb.pdf (accessed Aug 19, 2008).

a situation that prompted VA's General Counsel to issue its January 2002 opinion.  The Supreme Court counsels that inconsistency in interpretation is a factor to be considered when evaluating the persuasiveness of an agency interpretation.  *See Skidmore*, 323 U.S. at 140.

Thus, for the reasons stated above, the Court rejects the VA General Counsel's opinion to the extent that it interprets the relevant statutes to preclude the payment of concurrent Dependents' Educational Assistance benefits to Dr. Osman.  Consequently, we reverse and remand the Board's decision relying on that opinion.  *See Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) (holding that the Court may reverse an incorrect judgment of law that is based upon proper factual findings, provided that it does "'not simply [make] factual findings on its own.'") (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)).

### 2. Consecutive Payment of Chapter 35 Benefits

Dr. Osman raises for the first time before the Court the issue of whether he would be entitled to Dependents' Educational Assistance benefits based on the independent eligibility of each parent *consecutively*.  Because this is a pure issue of law and is pertinent to the adjudication of Dr. Osman's claim, the Court will grant the request of both parties to address this issue as well.

We have already held, above, that the statutes relevant in this case and the legislative purpose of Dependents' Educational Assistance benefits permit a child to derive "eligible person" status from each parent when each parent has a total and permanent disability resulting from a service-connected disability.  Moreover, as noted above, the 45-month aggregate limitation to Dependents' Education Assistance provided in section 3511(a)(1), as it existed at the time of Dr. Osman's application for benefits, applies to such assistance given to a spouse, not a child, and the non-duplication of benefits provided in section 3562 as well as the 48-month aggregate limitation to certain benefits provided in section 3695 both apply to benefits provided under separate programs, and are not applicable to benefits provided under one program.

Therefore, because benefits are based on the status of a child as an eligible person through each parent who is permanently and totally disabled, and absent any specific restriction on the aggregation of benefits, we further hold that an eligible person with two permanently and disabled parents may receive Dependents' Educational Assistance benefits "for a period not in excess of 45 months" for benefits derived from the status of each parent.  38 U.S.C. § 3511(a)(1)(2002).  Dr.

11

Osman's dual status flows from the inability of each parent to separately contribute to the education to which he would have aspired had both parents not been totally disabled as a result of service. Therefore, Dr. Osman need only elect the period for which to receive such benefits based on either parent's permanent and total disability (in this case his mother's), consistent with his application.[8] We note, however, that the Court's conclusion does not mean unlimited or unwarranted benefits may be paid, as VA must determine other applicable requirements affecting eligibility, *e.g.*, the requirement that the child be in an approved program of education. *See, e.g.,* 38 U.S.C. § 3535 (approval of courses).

## III.  CONCLUSION

Accordingly, the June 22, 2005, Board decision is reversed and the matter is remanded.  The Board will grant Dr. Osman's Dependents' Educational Assistance benefits as an eligible person under his mother's permanent and total service-connected disability as of the original date such assistance was requested.

---

[8] In briefing and at oral argument, the parties discussed the issue of whether General Counsel Precedential Opinion 1-2002 is invalid for failing to have been issued according to the notice and comment and publication requirements of 5 U.S.C. §§ 552 and 553, or whether the opinion is exempt from such requirements.  The Secretary argues that General Counsel Precedential Opinion 1-2002 should be viewed as an interpretive rule, exempt from those requirements, while Dr. Osman and amicus argue that the General Counsel opinion is a legislative or substantive rule. The result of the classification has important practical consequences.  If we were to find the opinion to be a legislative rule, then 5 U.S.C. § 552 requires that before it can be binding, it must be published for the purpose of receiving and considering public comment.  Because VA failed to do so, that would invalidate the "rule," thus destroying the precedent relied upon by the Board decision under review.  Because the Court holds that Chapter 35 authorizes dual payment of Dependents' Educational Assistance benefits to the child of two permanently and totally disabled parents, we necessarily invalidate General Counsel Precedential Opinion 1-2002, negating the need to determine its status for purposes of 5 U.S.C. §§ 552 and 553.